Filed 7/10/13  P. v. Risinger CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C073141 |
| Plaintiff and Respondent, | (Super. Ct. No. CM036012) |
| v. | |
| MAX VAN RISINGER III, | |
| Defendant and Appellant. | |

On March 25, 2012, Butte County Police Officer Stephen Dyke responded to a report of "a domestic violence situation" at an apartment in Chico, California.

At the apartment, Officer Dyke spoke with S. P.  S. P. told Officer Dyke that earlier that night she and defendant argued.  The argument became physical.  S. P. attempted to get away from defendant but was unsuccessful and defendant punched her in the face with a closed fist.  According to S. P., when defendant punched her, she lost consciousness and fell to the ground.  People heard S. P. screaming for help; they went outside and saw defendant walking away from the victim who was on the ground just in front of her apartment door.

1

Officer Dyke saw that S. P. had "abrasions" on the palms of her hands and two scratches on her right arm. When defendant was arrested two days later, the arresting officer saw a bruise on the victim's face. The victim dismissed the bruise on her face as excess make up.

Defendant was charged with inflicting corporal injury on a cohabitant, spouse, or child's parent. It was further alleged that defendant was previously convicted of battery resulting in serious bodily injury and previously served a term in prison. Defendant pled guilty to the current charge and admitted both enhancement allegations.

Defendant was sentenced to an aggregate term of five years in state prison. He was ordered to pay various fines and fees and was awarded 173 days of custody credit (87 actual and 86 conduct). Defendant appeals without a certificate of probable cause.

Counsel filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed

ROBIE            , J.

We concur:


RAYE        , P. J.


NICHOLSON    , J.

2